IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRYAN CHRISTOPHER MATHIS, | : | |
| | : | |
| Plaintiff, | : | Case No. 5:22-CV-00287-MTT-CHW |
| | : | |
| v. | : | |
| | : | |
| MACON COUNTY SHERIFF'S | : | |
| DEPARTMENT, *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Bryan Christopher Mathis, an inmate confined in the Macon County Jail in Oglethorpe, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis*. ECF No. 2.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff did not submit a certified copy of his account statement showing his transactions for the previous six months, as required by the statute. Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a jail official and a

copy of his prison trust fund account statement for the preceding six months so that the Court may properly evaluate his motion for leave to appeal *in forma pauperis*.

Plaintiff asserts he has had difficulty when requesting a copy of his account statement. *See* ECF No. 1-1 at 1 and ECF No. 2 at 4. Thus, he is instructed to show the appropriate jail official this Order when he requests a certified copy of his trust fund account statement. If the jail official refuses to provide the requested information, Plaintiff should provide the Court with a copy of his written request to the jail for the account information (if Plaintiff has a copy) and notify the Court of (1) the name of the jail official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the jail official would not provide the requested documentation. If Plaintiff receives notification in writing from the jail official that he will not be provided a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).

Plaintiff's complaint arises from his incarceration at the Macon County Sheriff's Department in January 2021. ECF No. 1 at 5. Plaintiff alleges he was struck by a sharp

metal object during an altercation with another inmate. *Id*. Plaintiff states that he "was seen by the EMTs with little bit of the right medical attention". *Id*. Plaintiff seeks restitution and to "hold Macon County Sheriff's Department accountable for inmate safety in mind" and for "lack of professional medical attention" because he was not taken to a hospital. *Id*. at 6. Plaintiff names the Macon County Sheriff's Department, Deputy Ronald Duncan, and "guard" Bob Ladd as Defendants. *Id*. at 1 and 4.

Plaintiff's complaint in its present form is not sufficient to establish any § 1983 claim. Plaintiff names Duncan and Ladd as Defendants in his complaint, but there are no allegations within the body of the complaint which implicate Defendants Duncan and Ladd in any unconstitutional act. *See id*. at 4-9. Therefore, Plaintiff fails to link claims to any of these named Defendants. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on the possible supervisory roles of Defendants Duncan or Ladd, then his complaint still fails to state a claim. Supervisors within a jail are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). *See also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Plaintiff's other named Defendant, Macon County Sheriff's Department, is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003) (dismissing claim against police department, reasoning that it was not a legal entity subject to suit).

Because Plaintiff is proceeding pro se, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more

4

carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury? *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. ***The complaint must be no longer than ten (10) pages.***

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff must also rename each Defendant he wishes to sue as directed by the Court's standard § 1983 complaint form. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

## CONCLUSION

Presently, an initial review of Plaintiff's complaint reveals that it is subject to dismissal for failure to state a claim for which relief may be granted. If Plaintiff wishes to proceed with this action, he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form amending his complaint as instructed. He is further **ORDERED** to submit

a certified copy of his inmate trust fund account for the previous six months so that the Court may properly review his motion to proceed *in forma pauperis* or pay the full filing fee

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) either pay the $402.00 filing fee or submit a properly completed certified account statement for the previous six months

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and along with the appropriate certification form that supports an application to proceed without prepayment of the filing fee (with the civil action number shown on all) to Plaintiff.

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order.

**SO ORDERED and DIRECTED**, this 29th day of August, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge